## In re INVESTORS FUNDING CORPORATION OF NEW YORK SECURITIES LITIGATION.

James BLOOR, as Trustee Pursuant to Chapter X of Title 11 of the United States Code of the Estates of Investors Funding Corporation of New York, etc., Plaintiff,

v.

Jerome DANSKER, et al., Defendants.

Nos. MDL Docket No. 290(WCC), 76 Civ. 4679(WCC).

United States District Court, S.D. New York.

Dec. 21, 1983.

Anderson, Russell, Kill & Olick, P.C., New York City, for plaintiff; Richard W. Collins, Nicholas J. Zoogman, New York City, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendant Morris Karp; Peter Fleming, Jr., Mark H. O'Donoghue, Bradley E. Tyler, New York City, of counsel.

Shea & Gould, New York City, for defendant Hyman R. Shapiro; Martin I. Shelton, John G. Nicolich, New York City, of counsel.

Rubin, Baum, Levin, Constant & Friedman, New York City, for defendants Estate of Charles A. Berns, H. Jerome Berns, Eli Bloom, Harry Epstein, Ulu Grosbard, Herbert Jaffe, Stephen Katz, Jack Klatell, H. Peter Kreindler, Estate of I. Robert Kreindler, Estate of Maxwell A. Kreindler, Barbara Londin, Connie E. Naitove, Reginald Rose, Walter Meid, David Shaw, Stephen Solomon, Sheldon J. Tannen, Philip Tonken, Estate of Jess Ward and Dale Wasserman; Max Wild, New York City, of counsel.

Spengler, Carlson, Gubar, Brodsky & Frischling, New York City, for defendants Carro, Spanbock, Londin, Rodman & Fass, Melvin J. Carro, Maurice S. Spanbock, and Jerome J. Londin; Edward Brodsky, Debra L. Brown, New York City, of counsel.

## OPINION AND ORDER

CONNER, District Judge.

Plaintiff James Bloor (the "Trustee"), Chapter X Trustee for Investors Funding Corporation of New York ("IFC"), commenced this action in October 1976, alleging fraud in connection with the insolvency of IFC. The case is currently before the Court on the Trustee's motion, pursuant to Rule 3(j) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, for reargument of this Court's decisions dated November 19, 1980 and June 15, 1983,[1] and, in the alternative, his motion pursuant to 28 U.S.C. § 1292(b) for certification of certain questions of law to the United States Court of Appeals for the Second Circuit.[2] Defendants Melvin J. Carro ("Carro"), Maurice S. Spanbock ("Spanbock"), and Jerome J. Londin ("Londin") have cross-moved to certify an additional question to the Court of Appeals in the event that the Court grants the Trustee's alternative motion, and for a stay of all discovery in this action pending a decision by the Second Circuit. Defendant Morris Karp has similarly cross-moved for certification. For the reasons stated below, the motions are denied.

---

1. The Trustee's time to seek reargument of the November 19, 1980 Order was extended by the Court to coincide with his time to move for reargument of the June 15, 1983 decision.

2. The Trustee has not moved pursuant to Rule 54(b) to have the Court enter final judgment on those claims which were dismissed in the two Orders.

The rulings to which the Trustee objects have been developed by the Court in a series of three decisions, familiarity with which is presumed. In the first of this trilogy, an Opinion and Order dated November 19, 1980,[3] this Court granted in part the motions of defendants Peat, Marwick, Mitchell & Co., Jerome Lowengrub, S.D. Leidesdorf & Co., and Robert Saltzman (collectively the "Auditors") to dismiss the claims against them. Briefly, the Court held that to the extent the Auditors were alleged to have certified inaccurate financial statements which led to the issuance or sale of IFC securities, the proceeds of which were mismanaged or misapplied by IFC's management, such claims did not arise "in connection with" the purchase or sale of a security, and thus failed to state a claim under § 10(b) or § 18 of the Securities Exchange Act of 1934 (the "Act") or under § 352–c or § 339–a of the New York General Business Law. *See IFC I,* 523 F.Supp. at 539. In making that determination, I rejected the Trustee's overly broad reading of the Supreme Court's decision in *Superintendent of Ins. v. Bankers Life & Cas. Co.,* 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971), and concluded that the rationale of the Court of Appeals for the Ninth Circuit in *Rochelle v. Marine Midland Grace Trust Co.,* 535 F.2d 523 (9th Cir.1976), was both consistent with *Bankers Life* and dispositive of these aspects of the Trustee's claims. *See id.* at 538–39.

Moreover, it was not necessary to determine whether the Trustee's allegations of looting (as opposed to mismanagement) of the proceeds of the securities offerings were sufficient to satisfy the "in connection with" requirement. Even assuming the allegations were sufficient, the claims against the Auditors failed because of the absence of any proximate causal relationship between the Auditor's alleged acts and the injuries to IFC. *See id.* at 540. The Court in *IFC I* also rejected two theories of secondary liability advanced by the Trustee, concluding that the Auditors could not be found liable as aiders and abettors of anoth-

er's primary violation of § 10(b) or § 18, nor could they be subject to liability as controlling persons under § 20 of the Act. *See id.* at 542–43. In addition, I ruled that payments received for professional services which allegedly failed to meet professional standards, while possibly providing the basis for a malpractice action, neither constitute fraudulent transfers nor give rise to a breach of contract claim. Accordingly, I dismissed those portions of the Trustee's complaint which purported to allege such claims against the Auditors. *See id.* at 546, 549–50.

In the second decision of the trio, *Bloor v. Dansker,* 76 Civ. 4679(WCC), slip op. (S.D. N.Y. January 12, 1982) (hereinafter "*IFC II*"), this Court reached the question, left open in *IFC I,* whether the underlying allegations of looting satisfy the "in connection with" requirement of the securities laws. After concluding that those allegations were sufficient, I denied the motions of Jerome, Norman and Raphael Dansker (the "Danskers"), the principal actors in the alleged fraud, to dismiss the securities law claims against them. *See IFC II,* slip op. at 7–9 (citing *Bankers Life* ). Then, on June 15, 1983, this Court issued another decision pertaining to various other defendants who were attempting to ride the coattails of the Auditors. In that Opinion and Order, I granted the motions of defendants Ely-Cruikshank Co., a real estate appraiser, and Carro, Spanbock, Londin, Rodman & Fass, IFC's outside legal counsel, to dismiss the federal and state securities law, breach of contract and fraudulent transfer claims against them for substantially the same reasons set forth in *IFC I* with respect to the Auditors. *See Bloor v. Dansker,* 566 F.Supp. 193, 199–202 (S.D.N.Y.1983) (hereinafter "*IFC III*"). However, I found that none of the other moving defendants—Morris Karp, Hyman Shapiro, Peter Grunebaum, Irving Kessler, Marco Buitoni, David W. Katz & Co., a group of investors in several joint ventures, and the individuals

---

**3.** *Bloor v. Dansker,* 523 F.Supp. 533 (S.D.N.Y. 1980) (hereinafter "*IFC I*").

Carro, Spanbock, and Londin—was in a position analogous to that of the Auditors.[4]

■ Against this background, the Trustee's motion for reconsideration must be denied. While the Trustee asserts generally that this Court overlooked material facts and controlling legal decisions in rendering the above-described rulings, the substance of his argument merely reiterates the position he espoused when opposing defendants' motions to dismiss in the first instance. Contrary to the Trustee's assertions, this Court did indeed accept the factual allegations of the amended complaint as true for purposes of deciding the motions to dismiss. Nevertheless, even accepting *arguendo* the truth of those allegations, there is no legal basis for permitting a recovery *by the Trustee* against either the Auditors, appraisers, or attorneys for a violation of the securities laws, breach of a professional service contract, or, under a fraudulent transfer theory, for receipt of monies paid in remuneration for inferior quality work performed under such a contract. Quite simply, the Trustee refuses to agree with the interpretation of both federal and state law adopted by this Court, after a full review on three prior occasions, of the applicable legal precedents. In response to the instant motion, the Court has again reviewed its position and concludes that it is correct. Accordingly, the motion for reargument is denied.

■ Turning to the Trustee's alternative application, 28 U.S.C. § 1292(b) requires that before a district court certifies an order for interlocutory appeal, it must be satisfied (1) the order "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) that an immediate appeal "may materially advance the ultimate termination of the litigation." This section is designed to permit an interlocutory appeal where it may operate to minimize the overall cost of litigation on the parties and the judicial system, *see* 16 C. Wright, A. Miller,

E. Cooper & E. Gressman, Federal Practice & Procedure § 3930 at 166, and should be used only where the court is persuaded that unusual circumstances justify a departure from the ordinary rule of postponing judicial review until after entry of a final judgment. *See Fisons Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir.) (Stevens, J.), *cert. denied,* 405 U.S. 1041, 92 S.Ct. 1312, 31 L.Ed.2d 581 (1972). Thus, paramount among the three requirements of § 1292(b) is the probability that immediate appellate review will materially advance the ultimate termination of the litigation. *Id.*

■ Applying these principles to the instant case, the Court is persuaded that none of the decisions rendered in *IFC I, IFC II,* or *IFC III* is appropriate for certification pursuant to § 1292(b). Although the Trustee has set forth ten abstract questions he wishes the Court to certify, the Court must determine the appropriateness of those issues for certification in the context of its actual rulings. Section 1292(b) is not designed to afford the Court of Appeals an opportunity to render an advisory opinion on a hypothetical legal problem, but to allow it to consider a precise, complex legal question against the concrete factual background facing the district court. *See Paschall v. Kansas City Star Co.,* 605 F.2d 403, 406 (8th Cir.1979). Although the Court's rulings in *IFC I,* granting in part the motions of the Auditors to dismiss the claims against them, formed the basis for the later decisions in *IFC II* and *IFC III,* it would not be proper to certify those rulings because the Trustee has settled his claims against the Auditors. Thus, there no longer exists a controversy between them.

■ Moreover, although the Court's rulings in *IFC III* granting the motions of Ely-Cruikshank Co. and Carro, Spanbock, Londin, Rodman & Fass to dismiss the securities law claims against them—the Trustee's fourth, fifth, seventh and eighth claims for relief—involve a "question of law

---

4. Although some of the other motions were granted, the Court's decision was based upon other deficiencies in either the Trustee's complaint or motion papers unrelated to the reasoning questioned by the instant motion.

as to which there is substantial ground for difference of opinion," that question is not, in the context of those motions, "controlling." I agree with the Trustee that this Court's interpretation of *Bankers Life* and *Rochelle* is one about which reasonable minds could differ. Nevertheless, even assuming that this Court's looting/mismanagement distinction is improper and the entire alleged fraud is "in connection with" the sale of IFC securities, the Trustee still does not have actionable securities law claims against these defendants because their alleged actions were not a proximate cause of the injuries to IFC. This latter requirement provides an alternate basis for upholding the dismissal of the securities claims against these professionals and does not involve an issue which provides a substantial ground for difference of opinion. Thus, an immediate appeal from those dismissals would not be likely to advance this litigation materially.

Similarly, there appears no justifiable reason to certify any questions involved in the dismissal of the breach of contract and fraudulent transfer claims against these defendants. These claims are relatively mi-

nor in the context of the broad scope of this action and ancillary to the central issues in the case. Assuming, *arguendo,* that the Court's dismissal of the claims was improper, it is unlikely that reversal of those dismissals on appeal from a final judgment would require a second trial in this action or, indeed, even any protracted post-appeal proceedings. An interlocutory appeal would, under these circumstances, far from expediting the ultimate termination of this litigation, merely delay the date this matter will finally proceed to trial and add unnecessarily to the already enormous litigation expenses all parties to this action have obviously incurred. Consequently, the Court declines to certify these questions pursuant to 28 U.S.C. § 1292(b).[5]

The motions are denied in all respects.

SO ORDERED.

---

5. Because the Court has denied the Trustee's motions, it need not consider the cross-motions which were made contingent upon the granting of the Trustee's request.