**Charalambos VEKRIS, Plaintiff,**

v.

**PEOPLES EXPRESS AIRLINES, INC., Continental Airlines, Inc., and Brocklehurst Aviation, Defendants.**

**No. 87 Civ. 1966 (JMW).**

United States District Court, S.D. New York.

Dec. 20, 1988.

---

13. Peoples' tariff, Rule 11.

Peter F. Vetro, Gallagher & Gosseen, Mineola, N.Y., for defendants.

Robert G. Spevack, Michael P. Barnes (on brief), New York City, for plaintiff.

## MEMORANDUM AND ORDER

WALKER, District Judge:

Defendant, Peoples Express Airlines, Inc. ("Peoples")[1] brings this motion for reargument pursuant to Local Rule 3(j) of the Civil Rules for the Southern District of New York, to reargue its unsuccessful Cross Motion for Summary Judgment which was denied in a Memorandum and Order ("Order") of this Court dated August 25, 1988. That motion sought an order applying the Warsaw Convention's[2] liability limitation to plaintiff's paintings which were accepted by defendant as checked baggage on a flight from New York to London. In the alternative, defendant seeks an order pursuant to 28 U.S.C. § 1292(b) certifying this Court's August Order, or a supplemental order to that effect, allowing for an immediate, interlocutory appeal of said Order and for such other further relief as to the Court deems just and proper.

Plaintiff seeks the imposition of sanctions pursuant to Fed.R.Civ.P. 11 for the reasonable cost of defending the reargument branch of defendant's motion. For the reasons stated below, defendant's motion for reargument and for certification allowing for an immediate appeal is denied. Plaintiff's application for the imposition of sanctions is granted. Familiarity with this Court's Memorandum and Order dated August 25, 1988 is assumed.

---

1. The claims against Brocklehurst Aviation were dismissed without prejudice.

2. The Convention is codified at 49 U.S.C.App. § 1502 note.

## I. *Motion for Reargument*

On August 25, 1988, this Court issued a Memorandum and Order denying Peoples' motion for summary judgment limiting plaintiff's liability for loss of baggage to 250 francs per kilogram, as per the Warsaw Convention. The Court held that Peoples' failure to set forth the number and weight of the packages as required by Article 4 of the Warsaw Convention constituted a bar to the invocation of the Convention's liability limitation, and that Peoples was estopped from disclaiming the paintings as "baggage." It is from that decision that Peoples now seeks reargument.

Peoples has failed to make a showing entitling them to reargument. Under Local Rule 3(j), a party seeking reargument must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, Peoples must demonstrate that the Court overlooked " 'controlling decisions' ... that properly bore on the original opinion and that might reasonably be expected to have altered the outcome had they been considered at the time of the decision." *Bozsi Limited Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987); *Caleb & Co. v. E.I. DuPont de Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985); *New York Guardian Mortgagee Corp. v. Cleland*, 473 F.Supp. 409, 420 (S.D.N.Y.1979). Alternatively, Peoples may show that the Court failed to consider other "factual matters that were put before the court on the underlying motion." *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n Inc.*, 624 F.Supp. 856, 857 (S.D.N.Y. 1985).

Peoples has failed to satisfy these straightforward requirements. Rather, Peoples merely disagrees with the Court that this Court should apply a literal interpretation to Article 4 of the Warsaw convention. In addition, Peoples argues that it is not barred by the doctrine of equitable estoppel from asserting a disclaimer of the paintings as baggage. Both of these arguments were considered and rejected by this Court in its previous examination of the underlying motion. *See Vekris v. Peoples Express, et. al.*, (Memorandum and Order dated 1988, Slip op. p. 6–11) (S.D.N.Y. Walker, D.J.).

The weight of the authority *in this Circuit* continues to support this Court's conclusions. In support of its position that Article 4 of the Warsaw convention should not be interpreted literally, Peoples cites two Second Circuit decisions: *Republic National Bank of New York v. Eastern Air Lines*, 815 F.2d 232 (2d Cir.1987), and *Exim Industries, Inc. v. Pan American World Airways, Inc.*, 754 F.2d 106 (2d Cir.1985). This Court has distinguished both of these decisions in its previous Order. *See* Order at 6–7.

"A request for reargument is not an occasion to reassert arguments previously raised, but dismissed by the court." *Morgan Guaranty Trust Co. of New York v. Garrett Corp.*, 625 F.Supp. 752, 756 (S.D. N.Y.1986). Peoples has not articulated any "matters or controlling decisions" overlooked by the court but rather has rehashed its previous contentions. Therefore, Peoples' motion for reargument is baseless and must be denied.

## II. *Certification Request*

In order to be appealable under 28 U.S.C. § 1292(b) three requirements must be satisfied: "(i) that a controlling question of law be involved, (ii) that the question be one in which there is substantial ground for difference of opinion and (iii) that an immediate appeal would materially advance the ultimate termination of the litigation." *State Teachers Retirement v. Fluor Corp.*, 84 F.R.D. 38 (S.D.N.Y.1979), citing *Tucker v. Arthur Anderson & Co.*, 67 F.R.D. 468, 484 (S.D.N.Y.1975). Since the second element will not be satisfied by an immediate appeal, the motion is denied.

An immediate appeal would not reduce the litigation time and costs of this litigation. The proceedings remaining before entry of a final judgment in this action are minimal. Discovery has been completed. Only one issue remains to be determined: the value of plaintiff's paintings and other consequential damages. An appeal at this juncture would merely serve to frustrate plaintiff's right to proceed to judgment.

Moreover, although the Court does not rely on it in denying § 1292(b) certification, the Court's adoption of a literal application of Article 4 of the Warsaw convention is fully consistent with commonly held views of courts in this circuit. *See e.g., Gill v. Lufthansa German Airlines,* 620 F.Supp. 1453 (E.D.N.Y.1985); *Hexter v. Air France,* 563 F.Supp. 932 (S.D.N.Y.1982); *Hill v. Eastern Airlines, Inc.,* 103 Misc.2d 306, 425 N.Y.S.2d 715, 716 (N.Y.Civ.Ct. 1980).

Interlocutory review "should only be used where the court is persuaded that unusual circumstances can justify a departure from the ordinary rule of postponing judicial review until after the entry of a final judgment." *In re Investors Funding Corp. Sec. Litigation,* 36 B.R. 1019, 1022 (S.D.N.Y.1982). This policy applies with special force where interlocutory appeal will not "operate to minimize the overall cost of litigation on the parties and on the judicial system." *Id.* Peoples has failed to present unusual circumstances which would justify interlocutory review. Therefore, this Court declines to exercise its discretion to grant leave to appeal.

### III. *Sanctions*

■ Rule 11 of Fed.R.Civ.P. provides that an attorney for a party shall not submit a "pleading, motion, or other paper" unless:

> to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

District courts have broad discretion in fashioning Rule 11 sanctions. *Calloway v. Marvel Entertainment Group,* 854 F.2d 1452, 1476 (2d Cir.1988).

■ After careful review of Peoples' reargument motion and accompanying papers, this Court finds that Peoples' motion to reargue is precisely the sort of frivolous, vexatious motion targeted by Rule 11. *See* *e.g., Four Keys Leasing & Maintenance Corp. v. Simithis,* 849 F.2d 770 (2d Cir. 1988); *City of Yonkers v. Otis Elevator,* 844 F.2d 42 (2d Cir.1988). Peoples failed to set forth any matters or decisions which this Court overlooked and merely rehashed arguments previously made and decided. The obvious purpose of the motion was to burden plaintiff, who is an individual, with the expense of responding to the motion.

Plaintiff should not have to bear the burden of defending Peoples' wholly vexatious motion to reargue, and the Court should not be burdened by such motions while meritorious matters await the Court's attention. This Court, therefore, grants plaintiff's request for Rule 11 sanctions. Plaintiff may submit a request for reasonable costs and attorney's fees, upon an appropriate accompanying affidavit, within 20 days of this order.

### IV. *Conclusion*

Accordingly, defendant's motion for reargument and permission to take an interlocutory appeal are denied. Plaintiff's request for the imposition of Rule 11 sanctions is granted.

SO ORDERED.