**John DOE, Plaintiff–Appellant,**

**v.**

**John DOE, et al., Defendants–Appellees.**

**Nos. 90–3226, 90–3536.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1991.

Rhonda M. Benedetto, Lanny R. Zatzkis, New Orleans, La., for plaintiff-appellant.

Francis A. Olivier, III, John L. Olivier, Sunset, La., for Davis.

---

Malcolm W. Monroe, Joseph L. Spilman, III, Deutsch, Kerrigan & Stiles, New Orleans, La., for Hill.

ON PETITIONS FOR REHEARING

Before WISDOM, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:

We deny the petition for rehearing, except as follows. The Louisiana Press Association, as amicus curiae, has argued that the Louisiana common law definition of actual malice is narrower than the federal definition established in *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). It thus challenged that part of our opinion in which we defined actual malice as having knowledge that the statements were false or having a reckless disregard for their truth value.

Because we have determined that the fair reporting privilege is a state law privilege and because this case involves a private individual, the Louisiana definition of actual malice controls. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 94 S.Ct. 2997, 3010, 41 L.Ed.2d 789 (1974). Neither of the parties to the case raised this issue and it was not argued before us. We therefore leave it to the district court to define, under Louisiana law, the term "actual malice" as it applies in this case.

In all other respects, the Petition for Rehearing is

DENIED.