**Julia Karen EISEMANN, Plaintiff,**

v.

**Miriam GREENE, M.D., Defendant.**

**No. 97 Civ. 6094(JSR).**

United States District Court,
S.D. New York.

Aug. 26, 1998.

Alexander E. Eisemann, New York City, for Plaintiff.

John F. Costa, Elizabeth D. Stuart, Heidell, Pittoni, Murphy & Bach, P.C., New York City, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

By Order dated May 6, 1998, the Court, for reasons previously stated in open court, *see* Transcript, May 6, 1998, granted defendant's motion for summary judgment dismissing the Complaint in this medical malpractice action, granted plaintiff's motion to impose sanctions on the defense in the amount of $5,000, and directed defense counsel to pay those sanctions to plaintiff's counsel.[1]  *See* Order, May 6, 1998.  Thereafter, counsel telephonically advised Chambers that both parties desired to move for reconsideration of certain aspects of the Court's May 6 Order, and articulated the arguments that they believed provided cause for such motions.  In accordance with its policy of virtually never denying a party leave to bring a motion, the Court granted permission to both sides to submit the proposed motions if they so desired, but advised counsel that, with the possible exception of defendant's contention that the $5,000 sanction should be payable to the Clerk of the Court rather than to plaintiff's counsel, the arguments counsel had raised as the bases for the proposed motions appeared not reasonably likely to comply with the requisite standards governing motions for reconsideration.  *See, e.g.,* Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Despite this admonition, both parties filed motions for reconsideration.  Defendant,

---

1. The Court also granted plaintiff's motion for an award of costs relating to the proposed physical examination of plaintiff, ordering defense counsel to pay $1,000 to plaintiff's counsel, and denied defendant's motion for sanctions.  Those rulings are not the subject of the instant motions.

however, appropriately limited her motion to the contention that the $5,000 sanction should be made payable to the Clerk of the Court rather than to plaintiff. Plaintiff, by contrast, raised the very arguments about which the Court had already expressed doubts and reservations. Accordingly, defendant submitted a further motion seeking the imposition of sanctions on plaintiff's counsel for filing an improper motion for reconsideration. Having now reviewed the parties' full submissions on all three motions, the Court hereby denies plaintiff's motion for reconsideration, grants in part and denies in part defendant's motion for reconsideration, and grants defendant's motion to impose sanctions on plaintiff's counsel.

*First,* plaintiff's motion for reconsideration must be denied both because it is substantively meritless and because it simply repeats contentions previously considered and rejected by the Court when it rendered its initial decision.

Specifically, plaintiff's primary point in her instant motion is to re-argue, once again, her contention that because New York substantive law applies to her claims, the evidentiary sufficiency of her submission in opposition to defendant's summary judgment motion should also have been determined by reference to New York summary judgment standards. These New York State standards, she further contends, are more favorable to plaintiff than the federal standard that requires that the factual materials contained in such a submission be admissible in evidence and be sufficient to establish a genuinely disputed issue of fact for trial. *See* Fed. R.Civ.P. 56(e).

It is problematic whether the New York State standards are in fact materially different in these respects from the federal standard; but even assuming *arguendo* that plaintiff's characterization of New York law is correct, it is entirely irrelevant, because, as the Court previously held, in federal court the standards regarding the parties' evidentiary submissions on a summary judgment motion are governed by Rule 56 of the Federal Rules of Civil Procedure, rather than by state law, even where the substantive claims are governed by state law. *See, e.g., Doe v.*

*Doe,* 941 F.2d 280, 287 (5th Cir.) ("Federal courts—irrespective of diversity—are to employ the summary judgment standard of Fed. R.Civ.P. 56."), *reh'g granted in part on other grounds,* 949 F.2d 736 (5th Cir.1991); *McEwen v. Delta Air Lines, Inc.,* 919 F.2d 58, 60 (7th Cir.1990); *see generally Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). This principle, moreover, is as fully applicable to medical malpractice actions (such as this one) requiring application of the substantive law of New York State as to any other kind of case. *See Cashman v. Montefiore Medical Center,* No. 92 Civ. 4551(PKL), 1998 WL 142348, at *2–3 (S.D.N.Y. Mar. 26, 1998) (applying New York State substantive law and federal procedural law to summary judgment motion in medical malpractice case); *see also Milano v. Freed,* 64 F.3d 91, 95 (2d Cir.1995) (applying New York State substantive law and federal procedural law to motion for judgment as a matter of law in medical malpractice case).

The Court's prior holding on this issue, and its prior consideration of plaintiff's arguments, could not have escaped plaintiff's counsel's attention, since the issue was extensively argued at the time of the original oral argument before the Court on the underlying motion, *see, e.g.,* Transcript, May 6, 1998, at 14, 19, 22–26, at which time plaintiff's position was expressly rejected, *see id.* at 26–28. For plaintiff to re-present this very same point and these very same contentions under the guise of a motion for reargument is blatantly to disregard the purpose of, and limits on, such a motion as set forth in the applicable Local Rules and the relevant caselaw. *See, e.g., In Re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (motion for reargument "is not a motion to argue those issues already considered when a party does not like the way the original motion was resolved"); *Vekris v. Peoples Express Airlines, Inc.,* 707 F.Supp. 679, 681 (S.D.N.Y.1988) (denying motion for reargument, where movant "merely disagrees" with court's legal conclusions and raises arguments that "were considered and rejected" in previous ruling).

The only other point raised in plaintiff's papers, aside from this repetition of previously rejected contentions, is a request to

re-open discovery, so as to allow plaintiff to re-depose defendant's expert, obtain additional information from her own expert, and the like—a process that plaintiff asserts is likely to cure the evidentiary deficiencies in plaintiff's original submissions on summary judgment. A similar request (albeit for somewhat different discovery) was made by plaintiff's counsel at the time of oral argument on the underlying summary judgment motion and was denied, the Court Finding it both untimely and speculative. *See* Transcript, May 6, 1998, at 44–45; *see also, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–1138 (2d Cir.1994). The similar request in the instant motion for reconsideration is even more untimely, more speculative, and more improper, for it is well settled that after a Court has ruled on summary judgment a party may not re-open an insufficient evidentiary submission by "examining [the] decision and then [seeking to] plug[ ] the gaps of [the] lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y.1988).

■ Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration must be denied.

■ *Second,* the Court grants in part and denies in part defendant's reconsideration motion, which requests that the $5,000 sanction that was previously imposed on defense counsel (for counsel's improper directions to the defendant not to answer certain questions at her deposition) be paid to the Clerk of the Court rather than to plaintiff's counsel. As the Court indicated in the course of its oral ruling on May 6, 1998, the $5,000 sanction was imposed not only to compensate plaintiff's counsel for the increased costs that resulted from the improper instructions, but also to serve the purpose of deterring such conduct. *See* Transcript, May 6, 1998, at 34.

Defendant's counsel now brings to the Court's attention that there is substantial authority to the effect that, even though the compensatory portion of the sanction should be paid to plaintiff's counsel, *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 684, 688 (2d Cir.1989), the portion imposed for punitive and deterrent purposes should be paid to the Clerk of the Court, *see Steimel v. Incorporated Village of Rockville Centre*, 965 F.Supp. 366, 375–376 (E.D.N.Y.1997), *aff'd mem.*, 141 F.3d 1152 (2d Cir.1998); *Graff v. Metro North Commuter R.R.*, No. 94 Civ. 2587(LAK), 1995 WL 491488, at *1 (S.D.N.Y. Aug. 17, 1995); *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 360 (D.Conn.1981) (Cabranes, J.).[2]

Applying these authorities, the Court finds that the costs occasioned to plaintiff by having to seek relief for defense counsel's improper instructions were no more than $2,500.[3] Accordingly, defense counsel need pay only $2,500 to plaintiff's counsel. As for the sanction to be paid to the Clerk of the Court, the Court finds that $2,500 is an appropriate figure in light of the considerations of deterrence discussed at oral argument. *See* Transcript, May 6, 1998, at 32, 34.

■ *Third,* as to defendant's motion for sanctions for having to respond to plaintiff's frivolous motion for reconsideration, defendant's motion is granted and a sanction of $1,000 is hereby imposed on plaintiff's counsel, to be paid to defense counsel, pursuant to both 28 U.S.C. § 1927 and the Court's inherent supervisory power. By virtue of the pre-motion telephone conference described above, plaintiff's counsel was well aware that his contentions were on their face inappropriate for reconsideration since they already had been presented to, and rejected by, the Court in connection with the underlying motion. *See Great American Ins. Co. v. J. Aron & Co.*, No. 94 Civ. 4420, 1996 WL

2. This argument is appropriate on a motion for reconsideration because, rather than rearguing contentions that were already expressly considered by the Court on the initial motion, defendant seeks to bring to the Court's attention controlling decisions and overlooked matters of record that, "had they been considered, ... would have had the reasonable potential to alter the result reached by the court." *DeSmeth v. Samsung America*, No. 92 Civ. 3710, 1998 WL 315469, *1 (S.D.N.Y. June 16, 1998).

3. Although plaintiff contends these costs were $5,320, she includes in this figure substantial costs attributable, not to the improper instructions not to answer, but to other allegedly inappropriate behavior by defense counsel, as to which, however, the Court did not award sanctions. *See* Transcript, May 6, 1998, at 28–29.

14455, *2 (S.D.N.Y. Jan. 16, 1996) ("[T]he court must not allow a party to use [a] motion to reargue as a substitute for appealing from a final judgment."). Yet counsel persisted with his reconsideration motion on these very points—points, moreover, that the Court had already found to be plainly without merit. This disregard of the applicable standards for reconsideration, coupled with the patent invalidity of the legal arguments presented in plaintiff's motion, make clear that the motion was brought in bad faith.

Furthermore, the Court rejects plaintiff's suggestion, in opposition to defendant's sanctions motion, that her reconsideration motion is no more frivolous than that of defendant, and that if plaintiff is penalized defendant should be penalized as well. For reasons evident from the above discussion, the Court finds plaintiff's attempt to equate the two reconsideration motions wholly unpersuasive.[4]

Accordingly, the Court hereby orders plaintiff's counsel to pay to defense counsel $1,000, which the Court finds should adequately compensate defendant for the reasonable costs incurred in opposing plaintiff's motion for reconsideration.

In sum, plaintiff's motion for reconsideration is denied, defendant's motion for reconsideration is granted in part and denied in part, and defendant's motion for sanctions is granted. With respect to the $5,000 sanction previously imposed on defense counsel, $2,500 is to be paid to plaintiff's counsel and $2,500 to the Clerk of the Court. The sanction imposed on plaintiff's counsel in the amount of $1,000 must be paid to defense counsel. All sanctions must be paid within thirty days of the date of this order, unless an appeal is taken, in which case payment is stayed pending disposition of that appeal.

SO ORDERED.

---

**4.** The Court also notes that this is only the latest manifestation of plaintiff's counsel's belief, displayed repeatedly throughout this case, that upon any motion by his adversary, he has "no choice," *see* Plaintiff's Memorandum Regarding The Possible Imposition Of Sanctions, dated June 9, 1998, at 8 n. 3, but to respond by interposing a similar motion of his own. The inevitable effect of this tactic can only be to increase the burdens on the Court and all counsel for no proper purpose, as the record of this case amply demonstrates.